**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

**CIVIL ACTION NO. 05-215-JBC**

**TONY BROUGHTON,**                                                   **PLAINTIFF,**

**V.**           **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,**                           **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The claimant, Tony Broughton, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner. The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion for summary judgment and grant the Commissioner's motion for summary judgment.

**A.     Overview of the Process**

Judicial review of the ALJ's decision is limited to determining whether he employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994)."This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The court does not try the case *de novo* or

resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595, quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is performing substantial gainful activity; at Step 2 the ALJ determines if one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can perform his past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines whether significant numbers of other jobs exist in the national economy that the claimant can perform. *See Preslar v. Sec'y of Health & Human Serv.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

In the first step of the evaluation, the ALJ determined that the claimant had not engaged in any substantially gainful activity since the alleged onset of his medical conditions. At the second and third steps of the evaluation, the ALJ determined that the claimant suffered from cervical and lumbar disc disease, depression/adjustment disorder, and pain disorder. These conditions were "severe" within the meaning of the Regulations, 20 C.F.R. §§ 404.1520(c); 416.920(b).

However, they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation 4. At step four, the ALJ determined that the claimant could not perform any of his past relevant work. However, he found that the claimant had the residual functional capacity to perform light work with some significant restrictions. Continuing to step 5, although the claimant did not have the ability to carry out the full range of light work, the ALJ found that there was a significant number of jobs in the national economy that he could perform. Therefore, the ALJ concluded that the claimant was not disabled.

**C.     Analysis**

The claimant argues that the Appeals Council erroneously failed to consider new and material evidence and that a residual functional capacity prepared by the claimant's treating physician should be given deference over the report of a consultative physician. The court finds these arguments unpersuasive.

The claimant has the burden of presenting evidence to prove the existence of an impairment. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). When the ALJ determines the extent of the claimant's disability, he looks at the evidence in the record at the time of his decision. *Id.* However, the district court may remand the matter to the ALJ if there is new and material evidence and the claimant had good cause for failing to present it to the ALJ. *Id.* In this case, the claimant states he is now in possession of a residual function capacity evaluation from one of his treating physicians, and that this evaluation should have been considered at the administrative level. He argues, citing *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir.

1990), that he had good cause for failing to obtain the report as he could not afford it during the administrative proceedings.

The claimant's reliance on *McKnight* is misplaced. *McKnight* requires the ALJ to consider a claimant's ability to afford to treat an impairment when deciding whether it is "severe" at Step 2. *Id.* at 242. It does not extend to Step 5 and does not hold that a claimant's alleged financial difficulties constitute good cause for failure to produce evidence. In making his decision, the ALJ reviewed a significant volume of medical information, including information from the claimant's treating physicians. He found that the evidence consistently supported a finding that the claimant was not disabled. Nor is there any indication that the claimant informed the ALJ that he was unable to procure the evaluation because of his financial problems. Therefore, the claimant has not shown good cause for failing to present the evaluation to the ALJ, and it was not error for the Appeals Council to refuse to consider it.

Because the evaluation was not presented at the administrative level, it may not be given deference over the consultative report of Dr. Stauffer. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (DE 5) is granted.

Signed on November 29, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY